over more than 30,000 school officers. People ex rel. Woodward v. Draper, 67 Misc. Rep. 460, 465, 124 N. Y. Supp. 758. His power of regulation, even to remove school trustees, is a recognized part of the system of highly centralized power intended to promote the efficiency of state education. But the right to subject the property of the inhabitants to a tax, and the determination of the validity of meetings for that purpose, has not been exclusively delegated to the head of the department of education. This appeal to him is rather in relation to the management of the system, the personnel, conduct, and salaries of the officials, than to settle legal questions of taxation.

Although in Matter of Purdy, 56 App. Div. 544, 67 N. Y. Supp. 642, Mr. Justice Woodward stated that irregularities at a school district meeting should be reviewed by appeal to the Superintendent of Public Instruction, an examination of that record shows that the irregularities there complained of were informalities at the meeting itself, and not the omission of notice to the inhabitants. The same justice, however, in People ex rel. Underhill v. Skinner, 74 App. Div. 58, 61, 77 N. Y. Supp. 36, 38, declared that:

"The party who feels himself aggrieved, if he has a clear legal right, may no doubt enforce it in the courts."

While it is not shown that any person in the district and entitled to vote failed to have knowledge of this school meeting, and the minutes record that 41 persons attended, and the failure to give the proper notice was neither willful nor fraudulent, still there was no basis for this special meeting without the required statutory notice. Although the trustees have proceeded in good faith and attempted to secure plans and specifications for the schoolhouse, yet this vice in the notice is not thereby cured. To deny the injunction would leave open a grave and fatal error, by which the value of the bonds, if issued, would be seriously affected. It is, therefore, better that the procedure be halted, and a new meeting called, rather than now attempt a sale of bonds.

My conclusion, therefore, is that the proceedings at the so-called special meeting are void for want of statutory notice, and that the temporary injunction heretofore granted should be continued pending the trial.

Ordered accordingly.

---

(140 App. Div. 308.)

STUDEBAKER BROS. CO. OF NEW YORK v. WESTERN NEW YORK & P. TRACTION CO.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

Venue (§ 52*)—Change of Venue—Place of Contract.

Where, in an action for the price of an electric automobile, in which defendant claimed breach of warranty, the parties stood on a substantially equal footing as to the convenience of witnesses, the place where the contract was made and where the subject-matter of the action was located determines the place of trial.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by the Studebaker Bros. Company of New York against the Western New York & Pennsylvania Traction Company. From a Special Term order denying defendant's motion for a change of venue from New York county to Cattaraugus county, it appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Samuel F. Moran, for appellant.

Mark W. Norman, for respondent.

PER CURIAM. Defendant appeals from an order denying its motion to change the place of trial to Cattaraugus county.

The action is for the price of an electric automobile omnibus sold by plaintiff to defendant. The defense is that the omnibus did not comply with the warranty upon which it was sold, and that defendant consequently refused to accept it. Each party names about a dozen witnesses who are alleged to be necessary and material. All of them appear to be in the employ of one or the other of the parties. The contract was made in Olean, Cattaraugus county; the omnibus was tested there; and it still remains there. In so far as concerns the inconvenience of procuring witnesses to attend upon the trial, the parties stand upon a substantially equal footing. Whereever the cause is tried, one of the parties must be put to inconvenience and expense. Under such circumstances it is the general rule that the place where contract was made, and where the subject-matter of the action is to be found, will determine the place of trial.

Order appealed from reversed, with $10 costs and disbursements, and motion to change the place of trial granted. All concur.